**ARNOLD & PORTER KAYE SCHOLER LLP**
Alex Beroukhim (CA Bar No. 220722)
alex.beroukhim@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000; Fax: 213-243-4199

*Attorneys for Defendant*
MONSANTO COMPANY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. PATRICIA SASSOON,<br><br>    Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | Case No. 2:19-cv-05212<br><br>**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *M. Patricia Sassoon v. Monsanto Company*, bearing case number 19STCV16966, from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

## Introduction

1. In this products liability lawsuit, Plaintiff M. Patricia Sassoon sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides

for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that she developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto glyphosate-based herbicides.

2. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of California. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer (NHL) allegedly caused by exposure to Monsanto's Roundup®-branded herbicides. *See* Complaint ¶¶ 14-15, 113-117.

### Background and Procedural History

3. Plaintiff commenced this lawsuit in the Superior Court of California, Los Angeles County by filing a complaint, captioned *M. Patricia Sassoon v. Monsanto Company*, Case Number 19STCV16966, on or about May 15, 2019 (the "State Court Action").

4. Pursuant to § 1446(a), true and correct copies of the Summons and Complaint, as well other process, pleadings, and orders served upon Monsanto in the State Court Action or otherwise available from the state court's website are attached collectively as **Exhibit 1**.

### Basis For Removal – Diversity Jurisdiction

5. According to the Complaint, Plaintiff is, and was at the time the State

- 2 -
DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL
165087405

1 Court Action was filed, a citizen of the State of California. Complaint ¶ 13.

2       6. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

      7. The citizenship of any "John Doe" defendants must be disregarded when determining whether this lawsuit is removable. 28 U.S.C. § 1441(b)(1).

      8. The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff to develop cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

      9. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship between Plaintiff and Monsanto, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

### Procedural Requirements

      10. The Superior Court of California, Los Angeles County is located

- 3 -
DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL
165087405

within the Central District of California.  Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

11. Monsanto received notice of process on May 17, 2019.  This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of May 17, 2019.

12. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Superior Court of California, Los Angeles County and will be promptly served on Plaintiff.

13. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

14. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## **Conclusion**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED: June 14, 2019                   Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP


By: /s/ Alex Beroukhim
    Alex Beroukhim
    Attorneys for Defendant
    MONSANTO COMPANY

# CERTIFICATE OF SERVICE

1. I am over eighteen years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Forty-Fourth Floor, Los Angeles, California 90017-5844.

2. On **June 14, 2019**, I served the following document(s):

   **DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

3. I served the document(s) on the following person(s):

   **Thomas W. Kielty**  *Attorneys for Plaintiff*
   **2447 Pacific Coast Highway, Suite 100**  *M. Patricia Sassoon*
   **Hermosa Beach, CA 90254-2760**
   **(310) 393-0515**

4. The documents were served by the following means:

☒ **By U.S. Mail**. I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) in Item 3 and **(check one)**:

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ **By Overnight Delivery/Express Mail**. I enclosed the documents and an unsigned copy of this declaration in a sealed envelope or package designated by **[name of delivery company or U.S. Postal Service for Express Mail]** addressed to the persons at the address(es) listed in Item 3, with **[Express Mail postage or, if not Express Mail, delivery fees]** prepaid or provided for. I placed the sealed envelope or package for collection and delivery, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for express delivery. On the same day the correspondence is collected for delivery, it is placed for collection in the ordinary course of business in a box regularly maintained by **[name of delivery company or U.S. Postal Service for Express Mail]** or delivered to a courier or driver authorized by **[name of delivery company]** to receive documents.

☐ **By Messenger Service**. I served the documents by placing them in an envelope or package addressed to the persons at the address(es) listed in Item 3 and providing them to a professional messenger service for service. (*See* attached Declaration(s) of Messenger.)

☐ **By Facsimile Transmission**. Based on an agreement between the parties to accept service by facsimile transmission, which was confirmed in writing, I faxed the document(s) and an unsigned copy of this declaration to the person(s) at the facsimile numbers listed in Item 3 on **June 14, 2019**, at **[type time]**. The transmission was reported as complete without error by a transmission report issued by the facsimile machine that I used immediately following the transmission. A true and correct copy of the facsimile transmission report, which I printed out, is attached hereto.

☐ **By Electronic Service (E-mail)**. Based on California Rule of Court 2.251(c)(3), or on a court order, or on an agreement of the parties to accept service by electronic transmission, I transmitted the document(s) to the person(s) at the electronic notification address(es) listed in Item 3 on **June 14, 2019**.

☐ **Via Court Notice of Electronic Filing**. The document(s) will be served by the court via NEF and hyperlink to the document(s). On **June 14, 2019**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed in Item 3 are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated in Item 3 **[or on the attached service list, if applicable]**.

☐ **Via Electronic Notification**. The document(s) will be served via electronic notification on **June 14, 2019** on the person(s) listed in Item 3 at the email addresses indicated in Item 3 **[or on the attached service list, if applicable]**.

☐ **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: **June 14, 2019**.    Signature: _/s/ Kathryn Jensen_
Type or Print Name: Kathryn Jensen
E-Service Address: kathryn.jensen@arnoldporter.com

- 6 -
DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL
165087405